UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVANTE DESHANE CARTER,

      Petitioner,

Case No. 2:18-cv-12287

HONORABLE STEPHEN J. MURPHY, III

v.

CONNIE HORTON,

      Respondent.

_____/

**OPINION AND ORDER GRANTING
RESPONDENT'S MOTION TO DISMISS [6]
AND DENYING A CERTIFICATE OF APPEALABILITY**

Devante Deshane Carter ("Petitioner"), a Michigan Department of Corrections prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. Petitioner challenges his guilty plea to one count of second-degree murder, in violation of Mich. Comp. Laws § 750.317, and one count of commission of a felony with a firearm, in violation of Mich. Comp. Laws § 750.227b. In 2007, Petitioner was sentenced in Wayne Circuit Court to 20 to 30 years' imprisonment for the murder conviction and a consecutive two years' imprisonment for the firearm offense, pursuant to the terms of his plea agreement.

The petition, filed though counsel, raises a single claim:

> A child's waiver of his fundamental right to jury trial and acceptance of a plea offer to second degree murder to avoid a seemingly constitutional but actually unlawful (cruel and unusual) sentence of mandatory life imprisonment is invalid, illusory, unknowing and/or unintelligently made.

ECF 1, PgID 3.

On January 18, 2019, Respondent filed a motion to dismiss. ECF 4. And, on February 5, 2019, Respondent filed an amended motion to dismiss. ECF 6. Respondent asserts that the petition was filed after the expiration of the one-year statute of limitations period. *Id.* at 450. Petitioner filed a response to the motion, arguing that his petition was timely filed because he filed for state post-conviction review within one year of the Supreme Court's decision in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016)—a decision which made *Miller v. Alabama,* 567 U.S. 460 (2012) (holding juveniles cannot be subject to mandatory life imprisonment) retroactively applicable to cases on collateral review. ECF 11, PgID 478. Petitioner also asserts that he is entitled to equitable tolling because of his young age and because his appellate counsel abandoned him during direct review. *Id.* at 478–79.

The Court will grant Respondent's motion and dismiss the case because Petitioner filed his petition outside the one-year statute of limitations period under 28 U.S.C. § 2244(d), and he fails to demonstrate entitlement to equitable tolling. The Court also finds that Petitioner's sole claim is without merit. Finally, the Court will deny a certificate of appealability.

**BACKGROUND**

Petitioner was originally charged with first-degree murder, an offense that carries a mandatory sentence of life imprisonment without the possibility of parole under Michigan law. During Petitioner's December 12, 2007, plea proceeding, in which he pled guilty to the lessor offense of second-degree murder, Petitioner testified that on July 20, 2007, he was at a residential address in Detroit and shot and killed David Durrett with a shotgun. ECF 5-3, PgID 73. Petitioner was fifteen years old at

the time of the offense and sixteen years old at the time of the plea hearing. *Id.* at 74. The trial court sentenced Petitioner under the terms of his plea agreement to what amounts to a term of 22 to 32 years in prison. ECF 5-4, PgID 80.

Petitioner filed a notice of appeal, but stipulated to dismiss the appeal on August 29, 2008. ECF 11, PgID 480; ECF 11-3, PgID 492. On March 11, 2012, the trial court entered an order allowing Petitioner's appellate counsel to withdraw. ECF 5-1, PgID 34.

Nothing further occurred in Petitioner's case until October 28, 2013, when Petitioner filed his first motion for relief from judgment, raising claims not presented in his habeas petition. ECF 5-5. He filed a supplemental brief in support of his motion on December 12, 2013. ECF 5-6. The trial court denied the motion on March 11, 2014. ECF 5-7.

On June 12, 2014, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. ECF 5-12. On August 22, 2014, the Michigan Court of Appeals denied the application in a standard order. *Id.* Petitioner applied for leave to appeal to the Michigan Supreme Court, but his application was denied on April 28, 2015. ECF 5-13.

Almost two years later, on January 20, 2017, Petitioner filed his second motion for relief from judgment through present counsel, asserting the same claim presented here. ECF 5-10. On March 7, 2017, the trial court denied the motion, finding that *Miller* did not apply to Petitioner's non-life sentence. ECF 5-11, PgID 252.

3

On June 22, 2017, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. ECF 5-14. On October 26, 2017, the Michigan Court of Appeals dismissed Petitioner's application pursuant to Michigan Court Rule 6.502(G), which generally prohibits successive post-conviction motions. *Id.* at 367.

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, but on December 20, 2018, the application was denied by standard order. ECF 5-15.

Meanwhile, Petitioner had already filed his federal habeas petition on July 20, 2018. ECF 1.

## LEGAL STANDARD

Though Respondent styles his motion as a motion to dismiss, it is properly construed as a motion for summary judgment because the motion and the record before the Court includes documents outside of the pleadings. *See e.g.*, *Anderson v. Shane Place*, No. 16-cv-12675, 2017 WL 1549763, at *2 (E.D. Mich. May 1, 2017).

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). When considering a motion for summary judgment, the Court will construe all facts in the light most favorable to the non-moving party. *Id.* at 588. There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* at 587 (citing *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate by affidavits,

4

depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986).

## DISCUSSION

I. <u>Statute of Limitations</u>

There is a one-year statute of limitation for petitions filed by state prisoners seeking federal habeas relief. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The two potential starting points implicated by this case are the first and third—either the date Petitioner's conviction became final or the date the constitutional right relied on by Petitioner to support his claim was originally recognized by the Supreme Court. With respect to the first potential starting point, Petitioner was sentenced on January 11, 2008. Pursuant to Michigan Court Rule 7.205(F)(3), Petitioner had six months from that date to file a delayed application for

leave to appeal. Petitioner started the appellate process, but the appeal was dismissed by stipulation on August 29, 2008. ECF 11-3. Accordingly, Petitioner's judgment of sentence became final and the limitations period started running on August 29, 2008. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). Petitioner therefore had until August 29, 2009, to timely file a petition for a writ of habeas corpus in federal court, unless the limitations period was tolled.

Petitioner filed his first motion for relief from judgment on December 11, 2013, years after the limitations period would have expired under § 2244(d)(1)(A). The motion did not toll or expand the statute of limitations because a state court post-conviction motion that is filed after the expiration of the limitations period cannot toll the limitations period. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Even if the Court were to use the date on which the trial court allowed appellate counsel to withdraw as the starting point—March 7, 2012—Petitioner still waited more than a year to file his first motion for relief from judgment.

Petitioner argues that the limitations period should commence at a later starting date under § 2244(d)(1)(C) because his claim is based on a newly recognized constitutional right. ECF 11, PgID 482. Petitioner alleges that his plea was involuntary in light of the Supreme Court's June 25, 2012, decision in *Miller*, making mandatory life sentences for juveniles unconstitutional. *Id.* Petitioner reasons that because any mandatory life sentence under the original first-degree murder charge would have been illegal under *Miller*, and because his decision to plead guilty to

second-degree murder was made in substantial part to avoid that illegal sentence, his plea was involuntary. *Id.*

Even if the date *Miller* was decided marks the starting date for the limitations period, the petition was nevertheless untimely filed. *Miller* was decided on June 25, 2012, and Petitioner did not file his first motion for relief from judgment until over a year later on December 11, 2013. Petitioner acknowledges his untimeliness, but argues that the limitations period should not start until 2016, when the Supreme Court held in *Montgomery* that *Miller* applied retroactively. *Id.* at 483. Petitioner asserts that he had no reason to believe that he could benefit from *Miller* until *Montgomery* made its holding retroactive. *Id.*

Section 2244(d)(1)(C) indicates that the one-year limitations period can run from "the date on which the constitutional right asserted was *initially recognized* by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (emphasis added). The plain language of the section indicates that the limitations period runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *See Dodd v. United States*, 545 U.S. 353, 358 (2005). Accordingly, under the section, the limitations period began to run from the date the Supreme Court decided *Miller*, not from the date *Montgomery* was decided. *See Turner v. Skipper*, No. 18-cv-12286, 2019 WL 3388486, at *3 (E.D.Mich. July 26, 2019). Petitioner therefore failed to timely file his petition for a writ of habeas corpus under either § 2244(d)(1)(A) or § 2244(d)(1)(C).

II. Equitable Tolling

The statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on the habeas petitioner to show that he is entitled to equitable tolling of the one-year limitations period. *Id*.

Petitioner argues that the limitations period should be equitably tolled because his appellate counsel abandoned his direct appeal without his consent and because Petitioner was too young and uneducated to understand the requirements for filing for post-conviction review. ECF 11, PgID 478–80.

Petitioner is not entitled to equitable tolling on either ground. The ineffective assistance of appellate counsel and a petitioner's substantial, involuntary delay in learning about the dismissal of his appeal may justify equitable tolling of the limitations period. *See Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 462 (6th Cir. 2012). But Petitioner is not entitled to equitable tolling here because he waited over five years after his appellate counsel allegedly abandoned him before he filed his first motion for relief from judgment in the trial court. *Compare* ECF 11-2

*with* ECF 5-5. Petitioner does not indicate the date on which he claims he learned of the alleged abandonment, but waiting for a period of over five years indicates that Petitioner failed to exercise due diligence in pursuing his state post-conviction or federal habeas remedies after the alleged ineffectiveness of his appellate counsel. *See Winters v. Edwards*, 27 F. App'x 327, 329 (6th Cir. 2001) (denying equitable tolling of AEDPA claims where the petitioner waited over five years after conviction to file state collateral proceedings even though the petitioner alleged that his attorney failed to file a direct appeal and the trial court failed to timely appoint counsel).

As far as Petitioner's age and ignorance of his rights, the fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling*, 673 F.3d at 464 (pro se status is not an extraordinary circumstance); *Taylor v. Palmer*, 623 Fed. App'x. 783, 789 (6th Cir. 2015) (ignorance of the law is not a basis for equitable tolling); *Wengorovius v. Scutt*, No. 09-13228, 2012 WL 933203, at *6 (E.D. Mich. Mar. 20, 2012) (age does not justify equitable tolling). Accordingly, Petitioner has failed to demonstrate entitlement to equitable tolling based on his abandonment of appellate counsel or his young age and ignorance of his legal rights.

Finally, the one-year statute of limitations may be equitably tolled based on a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Any actual innocence exception to AEDPA's statute of limitations is particularly inapplicable here in light of Petitioner's guilty plea, during which he testified under oath to shooting and killing the victim with a shotgun. *See Reeves v. Cason*, 380 F.

Supp. 2d 883, 885 (E.D. Mich. 2005). The limitations period should therefore not be equitably tolled.

III. <u>Petitioner's Sole Claim for Relief</u>

Alternatively, even assuming the petition was timely filed, Petitioner is not entitled to habeas relief because his sole substantive claim is meritless.

Petitioner argues that his plea was involuntary because the prosecutor's promise to dismiss the original first-degree murder charge was illusory when Petitioner as a juvenile could not, under *Miller*, face a mandatory nonparolable life sentence. A plea agreement is involuntary if the defendant is unaware that the prosecution's promise is illusory. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). Illusory representations made by the prosecutor to induce a defendant to waive his right to trial and enter a guilty plea have been found to constitute coercion justifying the withdrawal of a guilty plea. *Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994).

At the time of Petitioner's plea and sentence, Petitioner faced a mandatory sentence of life imprisonment without parole if convicted of first-degree murder. Even if Petitioner pleaded guilty to the lesser included offenses "to avoid a now-unconstitutional sentence of mandatory life imprisonment without the possibility of parole, *Miller* does not render his guilty plea unconstitutional." *Contreras v. Davis*, 716 F. App'x 160, 163–64 (4th Cir. 2017).

The Fourth Circuit in *Contreras* based its ruling on an earlier decision—*Dingle v. Stevenson*, 840 F.3d 171, 172 (4th Cir. 2016)—in which a juvenile pleaded guilty to

10

murder and other crimes in order to avoid the state's threat that it would seek the death penalty. The Fourth Circuit found that *Roper v. Simmons*, 543 U.S. 551 (2005), which held that the death penalty was unconstitutional for juvenile offenders, did not apply retroactively to make the defendant's guilty plea coerced or involuntary. *Dingle*, 840 F.3d at 175–76. Significantly, the Fourth Circuit concluded:

> Contracts in general are a bet on the future. Plea bargains are no different: a classic guilty plea permits a defendant to gain a present benefit in return for the risk that he may have to forego future favorable legal developments. Dingle received that present benefit—avoiding the death penalty and life without parole—under the law as it existed at the time. Although *Roper*, in hindsight, altered the calculus underlying Dingle's decision to accept a plea agreement, it does not undermine the voluntariness of his plea. Some element of pressure exists in every deal, as the tradeoff between present certainty and future uncertainty is emblematic of the process of plea bargaining.

*Id.* at 175.

The Supreme Court, in fact, has held that a "defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady v. United States*, 397 U.S. 742, 757 (1970). In *Brady*, the Court rejected the petitioner's claim that his guilty plea was involuntary when, after he pled guilty to a federal kidnapping charge, the Supreme Court held that the statute's death penalty provision was unconstitutional. *Id.* at 747–48. Petitioner's situation here is analogous to that of the Petitioner in *Brady*. Petitioner's plea bargain therefore was not illusory, and Petitioner's plea was not involuntary.

## CONCLUSION

The Court will grant Respondent's motion for summary judgment and dismiss the petition because it was filed after theexpiration of the one-year statute of limitations, and Petitioner fails to demonstrate entitlement to equitable tolling. Moreover, Petitioner's sole claim for relief is without merit.

Furthermore, the Court also declines to issue Petitioner a certificate of appealability. Before a petitioner may appeal, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Here, reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner filed his habeas petition outside of the one-year limitations period. *See Grayson v. Grayson*, 185 F. Supp. 2d at 753. The Court will therefore deny Petitioner a certificate of appealability.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Respondent's motion to dismiss [6] is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus [1] is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: August 23, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 23, 2019, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager